**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *ex rel.* MICHAEL SORENSOEN, et al., | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | |
| | § | |
| OUTREACH DIAGNOSTIC CLINIC, LLP | § | CIVIL ACTION NO. H-12-480 |
| MUSTAPHA KIBIRIGE, MD, PA | § | |
| d/b/a OUTREACH EYECARE | § | |
| EMELIKE AGOMA, MD, and | § | |
| MUSTAPHA KIBIRIGE, MD, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE UNITED STATES' AMENDED COMPLAINT IN INTERVENTION

ATTORNEYS-IN-CHARGE

> Lara L. Silva, Managing Partner
> The Silva Law Firm
> State Bar No. 24004777
> Lara.silva@thesilvalawfirm.com
> Noelle C. Letteri, Partner
> State Bar No. 24013033
> Noelle.letteri@thesilvalawfirm.com
> 702 Rio Grande, Austin, Texas 78701
> 512-476-5588 office
> 512-276-6712 fax

ATTORNEYS OF COUNSEL

> Matthew L. Rienstra
> Tx State Bar No.  16908020
> I.D. 9728 – Southern District of Texas

GEORGE C. LOBB
Tx State Bar No.  24042928
I.D. 1439085 Southern District of Texas
info@lobblaw.com
512-425-0877

## TABLE OF CONTENTS

Page

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ............................4

STATEMENT OF ISSUES ................................................................................................4

SUMMARY OF ARGUMENT ..........................................................................................5

ARGUMENT ....................................................................................................................6

    I.      LEGAL STANDARDS...................................................................................6

    II.     THE GOVERNMENT'S FEDERAL FCA CLAIMS SHOULD BE DISMISSED......9

    III.    THE GOVERNMENT'S COMMON LAW CLAIMS SHOULD BE DISMISSED..15

CONCLUSION................................................................................................................16

PRAYER ........................................................................................................................16

CERTIFICATE OF SERVICE .......................................................................................18

Defendants move to dismiss the Government's Amended Complaint In Intervention for failure to plead the allegations with particularity as required under Federal Rule of Civil Procedure 9(b) and for failure to adequately state a claim upon which relief may be granted under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Relator filed a *qui tam* complaint in February 2012, alleging misuse of CPT Code 92120 for certain ophthalmological services that Relator asserted were never provided.   The government investigated the case for over two years before this court unsealed the case. Following the unsealing of the case, the federal government intervened and filed an Amended Complaint in Intervention on June 3, 2015.  The parties agreed in a Rule 11 Agreement to extend the Defendants' response deadline to July 13, 2015.  The Government's Amended Complaint in Intervention centers on one issue – the Defendants billed for ophthalmological services under CPT Code 92120, services that the government claims were never provided and thus resulted in fraudulent claims being submitted to Medicare.   The Defendants move to dismiss the Government's Amended Complaint in Intervention in its entirety under Rules of Federal Procedure 8(a), 9(b) and 12 (b)(6).

## STATEMENT OF ISSUES

1.  Whether the *qui tam* claims in the Amended Complaint in Intervention should be dismissed because: Count 1 alleging violations of the FCA, 31 U.S.C. § 3729(a)(1) and (a)(1)(A); Count 2 alleging violations of the FCA, 31 § 3729 (a)(1)(B); Count 3 alleging violations of the FCA, 31 § 3729(a)(1)(C); and Count 4 alleging violations of the FCA, 31 § 3729(a)(1)(G) do not satisfy the pleading standards of Rule 9(b) and thereby fail to state a claim,

and do not satisfy the requirements of Rule 12(b)(6) by stating enough facts to state a claim for relief that is plausible on its face?

2.   Whether the claims in Count 5 alleging unjust enrichment, Count 6 alleging Payment by Mistake, and Count 7 alleging Common Law Fraud in the Amended Complaint in Intervention should be dismissed under Rules 8(a) and 12(b)(6) because it fails to plead any facts that state a claim against the Defendants?

The pleading standards are discussed below.  These issues are questions of law that are reviewed *de novo*.  U.S. ex rel. Rafizadeh v Continental Common, Inc., 553 F.3d 869, 872 (5th Cir. 2008).  References to the Government's First Amended Complaint in Intervention are shown as "Amend. Compl. ¶."

## SUMMARY OF THE ARGUMENT

Where Rule 9(b)'s heightened pleading standard applies, as it does to claims under the False Claims Act ("FCA"), the Government must plead their allegations with particularity.  U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180,185 (5th Cir. 2009).  The Government must at least set forth the "who, what, when, where and how of the alleged fraud."  U.S. ex rel. Doe v. Dow Chem. Co., 343 F3d 325, 328 (5th Cir. 2003)(citing U.S. ex rel. Thompson v. Columbia/HCA Healthcare Group, 125 F.3d 899, 903 (5th Cir. 1997).  The Government fails to do so.  Instead, the Government provides generalized allegations of conduct connected to the Defendants and sums up such behavior with conclusory statements that such behavior resulted in fraud.  The government provides no factual support that the defendants engaged in fraudulent behavior.

Moreover, the Government's pleadings do not meet the requirements under Rules 8(a) and 12(b)(6).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 522, 570(2007).  Merely offering "labels or

conclusions….will not do" and "naked assertions devoid of "further factual enhancement" are insufficient. <u>Ashcroft v. Iqbal,</u> 129 S. CT. 1937, 1949 (2009)(quoting <u>Twombly,</u> 550 U.S. at 555 and 557). Throughout the Government's Amended Complaint in Intervention, the Government merely provides a series of informational facts relating to a particular topic, and then it simply provides conclusory statements as to the Defendants' conduct that does not necessarily relate to the stated informational facts, and then makes unsubstantiated conclusions that the Defendants committed fraud. The Government's unfettered investigation into the underlying Relator's claims lasted two years and yet its Amended Complaint in Intervention fails to comply with Federal Rules of Civil 8(a), 9(b) and 12(b)(6). Therefore, the Amended Complaint in Intervention should be dismissed in its entirety, with prejudice to the Government and Relator.

<u>**ARGUMENT**</u>

**I.    LEGAL STANDARDS**

**Rule 9(b)**

A complaint alleging FCA violations "must meet the heightened pleading standard of Rule 9(b)., Grubbs 565 F 3d. 185 (5th Cir. 2009). "Because the linchpin of an FCA claim is a false claim, 'the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b)'. <u>Rafizadeh,</u> 553 F.3d at 873 (citations omitted). The complaint must "set forth the 'who, what, when, where and how' of the alleged fraud." <u>U.S. ex rel. Doe v. Dow Chem. Co.,</u> 343 F3d 325, 328 (5th Cir. 2003)(citing <u>U.S. ex rel. Thompson v. Columbia/HCA Healthcare Group</u>, 125 F.3d 899, 903 (5th Cir. 1997).

In a fraud case, the cornerstone of requirements of Rule 9(b) is particularity. Particularity is necessary to "provide[] defendants with fair notice of the plaintiff's claims, protect[]

defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims then attempting to discover unknown wrongs." Grubbs, 565 F.3d at 190 (citation omitted). The application of the particularity standard applies equally in FCA cases. It serves a "screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner rather than later." Grubbs, 565 F. 3d at 185.

Furthermore, to satisfy Rule 9(b), a plaintiff cannot rely "on group allegations that fail to specify which member of the group engaged in the alleged conduct." Biliouris v. Sundance Res., Inc., 559 F.Supp. 2d 733, 736 (N.D. Tex. 2008). In fact, "[i]t is well established that 'general allegations which do not state with particularity what representations each defendant made, do not meet [the particularity] requirements' of Rule 9(b).'" Id. (quoting Unimobil 84, Inc. v. Spurney 797 F. 2d 214, 217 (5th Cir. 1986)(emphasis in and second alteration added by Biliouris)).

Thus, when there are multiple defendants, as in this instant case, named as participants in the alleged fraud a "plaintiff must plead with sufficient particularity attribution of the alleged misrepresentations or omission of each defendant; the plaintiff is obligated to distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." Commercial Metals Co. v. Chazanow, 2009 WL 3853704, at *4 (N.D. Tex. Nov. 17, 2009)(citing Coates v. Heartland Wireless Commc'ns, Inc. 26 F.Supp. 2d 910,915 (N.D. Tex. 1998). A complaint that "merely includes vague allegations" of conduct by "'Defendants' without specificity or explanation' does not satisfy Rule 9(b). Bradley v. Phillips Petroleum Co., 527 F. Supp. 2d 625, 655 (S.D. Tex 2007)(citing Unimobil 84, 797 F.2d at 217), aff'd, 337 F. App'x 397 (5th Cir. 2009). Particularity of each defendants' role in the alleged fraud is critical in a lawsuit with multiple defendants in order, among other things, to ensure each defendant has

fair notice of the charges against it and to protect against guilt by association.  See, <u>Grubbs</u>, 565 F.3e at 190 (citing <u>Melder v. Morris</u>, 27 F.3d 1097, 1100(5th Cir. 1994).

**Rules 8(a) and 12(b)(6)**

"[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." <u>Iqbal</u>, 556 U.S. at 678.  Mere assertions of legal conclusions "are not entitled to assumption of truth" – they "must be supported by factual allegations." <u>Id.</u> at 678-79.  This Court stated "the implications of Rule 8 require more than allegations of mere legal conclusions resting on prior allegations; sufficient facts in context to set forth a plausible claim must be pled." <u>Am. Surgical Assistants, Inc. v. Great West Healthcare of Tex. Inc.</u> 2010 WL 5656283, at *6 (S.D. Tex. Feb. 17, 2010).

Furthermore, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 556 U.S. at 570.  The plausibility standard in essence requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, at 1949; <u>accord</u> <u>Brewster v. Dretke,</u> 587 F.3d 764,770 (5th Cir. 2009)(affirming dismissal of claims that did "'not permit the court to infer more than a mere possibility of misconduct'")(citing <u>Iqbal</u> 129 S. Ct at 1950).  "[C]onclusory allegations, unwarranted factual inferences, or legal conclusions" will not be accepted as true for the purpose of evaluating the sufficiency and plausibility of a complaint.  <u>Ferrer v. Chevron Corp.</u>, 484 F3d.776, 780(5th Cir. 2007).

## II   THE GOVERNMENT'S FEDERAL FCA CLAIMS SHOULD BE DISMISSED

### A.   The Amended Complaint In Intervention's FCA Allegations Do Not Satisfy Federal Rule of Civil Procedure 9(b) Particularity Requirements.

The Amended Complaint In Intervention does not comply with the requirements of Rule 9(b).  The Complaint contains bald assertions and legal conclusions that do not rise to the level of particularity needed for assertions of fraud under the federal FCA.  The Fifth Circuit in Grubbs stated that in order to assert claims under 31 U.S.C.§ 3729(a)(1)[1] must plead with particularity both the "scheme to submit false claims and details leading to a strong inference that those claims were submitted – such dates and descriptions of recorded, but unprovided, services and a description of the billing system that the records were likely entered into" is necessary to ensure that a defendant has adequate notice to "prevent[] nuisance suits and the filing of baseless claims as a pretext to gain access to a fishing expedition."  Grubb, at 190 – 91.(emphasis added).

The Fifth Circuit held that Grubb's allegations satisfied Rule 9(b) because the complaint detailed false billing, such as "Dr. Desai billed Medicaid for psychotherapy services on January 8, 2004 CPT Code #90805, which constituted a false claim in that medical records indicate that no psychotherapy was provided by Desai on that date.  Id. at 185.  This is the type of detail that is needed to satisfy the particularity requirements of Rule 9(b).

The Government's complaint contains no such details.  Instead, under its Section titled Defendant's Fraudulent Scheme, the Amended Complaint in Intervention provides conclusory statements such as "As part of their intermediate and comprehensive ophthalmological services provided to Medicare patients, Defendants routinely performed tonometry tests with the Goldman tonometer in the office and the tonopen in the patient's home.  Defendants never

---

[1] These standards equally apply to the amended FCA 31 U. S. C. §3729(a)(1)(A).

performed a tonography test on any Medicare patient." Amend. Compl ¶44.  The Government lumps all Defendants together, and does not specify or distinguish among the Defendants as to who did what when.  There are no dates or times provided.  As this Court stated, [a] complaint that "merely include vague allegations of conduct by "Defendants" without specificity or explanation" does not satisfy Rule 9(b).  Bradley v. Phillips Petroleum Co. 527 F. Supp 2d 625, 655 (S.D. Tex. 2007)(citing Unimobil 84, 797 F.2d at 217), aff'd, 337 F. App'x 397(5th Cir. 2009).  The Complaint is rife with these generalized statements.  See Amend. Compl. ¶¶46, 47, 59, 64-69.  The Government does not provide necessary detail beyond these generalized facts and conclusory statements.

Another example of the Government's failure to plead with the particularity required under Rule 9(b) is the alleged list of reimbursement payments it provided to the Court.  Amend. Comp. (Exhibit 4).  The list of reimbursements appears to be reimbursements of a single procedure, using one billing code.  The medical provider who performed these alleged procedures is not specifically identified. ─The Government avers that the Defendants (again collectively grouped not a specific Defendant) billed for intermediate and comprehensive ophthalmological services, yet it only provides a list of reimbursement payments as to one single procedure and again, without specifying who actually billed for this single procedure.  These mere statements of facts without any further particularized details do not provide a reliable indicia of fraud.  Grubbs, 565 F.3d at 192 (reliable indicia requires details like "specific dates that each doctor falsely claimed to have provided services to the patients.")  Compare Amend. Compl.¶46 with Grubbs, 565 F.3d at 185 ("Dr. Desai billed Medicaid for psychotherapy services on January 8, 2004, CPT code #90805, which constituted a false claim in that medical records indicate that no psychotherapy was provided by Desai on that date.")

The Government asserts several times, in the Amend. Complaint, that the Defendants provided intermediate or comprehensive ophthalmological services without any further details that are necessary to reach the level of particularity required by Rule 9(b). Amend. Compl. ¶¶42, 33, 45. The Government alleges this fraudulent activity collectively to the Defendants, without specifying, which Defendant provided the services, and without showing the actual intermediate and comprehensive services the Defendants performed and when they were performed. Nor does the Government substantiate its vague assertions with any facts from any specific medical records, even though during its two-year investigation, the Government requested and received from the Defendant Outreach Diagnostic Clinic, LLC numerous patients' files. Because the Government fails to plead its allegations of fraud under the FCA without the requisite particularity under Rule 9(b), its Amended Complaint in Intervention must be dismissed.

The Government provides no specific details of fact that illustrates the Defendants submitted any false statements or representations that rise to the level of particularity needed to assert fraud under the FCA as required by Rule 9(b). The Government outlines the certifications needed in order to participate in the Medicare program. Amend. Compl. ¶¶23-27. The Government states that each physician must complete a CMS-8551 form. Amend. Compl. ¶22. Yet the Government does not provide any specific information relating to specific defendants CMS-8551 form. Moreover, the Government generally asserts that each request for payment to Medicare Part B must include the name and unique physician identification number for each referring physician. Amend. Compl. ¶27. The Government, however, fails to provide these numbers for specific physicians in question or for specific Defendants that illustrates that the Defendants' submitted claims related to the alleged fraudulent activity. The payment reimbursement chart provided contains no such information. Amend. Compl. (Exhibit 4)

11

Instead, the Government only offers conclusory statements and legal conclusions that the Defendants made false representations in order to get the alleged claims paid.  By failing to identify who made the certifications, as to what, when, how the certification was false, and what made the certification a condition of payment, the Government's Amended Complaint in Intervention fails to state a FCA false certification claim.  Because the Government fails to state a claim, the Amended Complaint in Intervention must be dismissed for failure to meet Federal Rules of Civil Procedure Rules 8 and 12(b)(6).

The Government spends considerable time explaining how the Relator allegedly discovered the alleged fraudulent active and what the Relator did to bring it to the Defendants' attention.  Amend. Compl. ¶¶ 48-63.  These series of facts, as the entire Amended Complaint in Intervention, suffers from the lack of particularity needed to survive a Motion to Dismiss under Rule 9(b).  The Government continues to lump all the Defendants together without specifying which Defendants did what, the specific dates the events occurred, or where the events occurred. The Government merely provides sweeping generalizations relating how the Relator discovered the apparent fraud; that the Relator looked into the proper use of CPT Code 92120; and based on other "experts" opinions determined the Defendants were defrauding the Medicare program.  For example:

- "At some point Dr. Kibirige selected Defendant Dr. Emelike Agomo to become the medical director for Defendants Outreach Eyecare and Outreach Diagnostic." Amend. Compl. ¶48 (one of the rare instances wherein the specific defendants are identified, however, the lack of specific date is fatal to assertion).

- "In furtherance of the conspiracy, Dr. Agamo and Dr. Kibirige took steps to conceal the fraudulent scheme." Amend Comp. ¶49 (lack of any further substantiating detail is fatal to this assertion).

- In June 2002, Relator informs Dr. Agomo of Dr. Cargo's opinion"…regarding billing.  Amend. Compl. ¶52. (Dr. Cargo is not identified as any type of expert, billing, or compliance.  Moreover, no specific date is given, just sometime in June).

None of these examples (and there are more) contains the type of detail that is required to sufficiently plead a claim under Rule 9(b).  Furthermore, these statements are "naked assertions devoid of further factual enhancements" and thus will not survive a motion to dismiss under Rule 12(b)(6).  <u>Iqbal</u>, 129 S. Ct. 1937, 1949(2009)(quoting Twombly, 550 U.S. at 557.)

### B. The Amended Complaint In Intervention's FCA Allegations Do Not Satisfy Federal Rules of Civil Procedure 8 and 12(b)(6).

The Government's False Claims allegations do not state a claim against any of the Defendants, let alone the Defendants collectively.  The Government relies on bald assertions, conclusory statements, and legal conclusions to formulate its FCA claims against the Defendants. For these reasons, the Government's FCA claims fail.  <u>Id.</u> at 1951(holding that a court must scrutinize a complaint's sufficiency by stripping away all conclusory allegations.).  Defendants aver that every paragraph contained in the Amended Complaint in Intervention merely contains conclusory statements and legal conclusions directed at the Defendants collectively rather than at specific Defendant's actions.  The Amended Complaint in Intervention must be dismissed under Rules 8 and 12(b)(6).

### <u>*Conspiracy Allegation*</u>

The Government fails to adequately plead its allegations of conspiracy under the FCA. Facts must be pled that show the existence of an agreement to commit fraud and overt acts in

furtherance of that agreement.  Twombly, at 865.  Allegations that merely state the defendants conspired to defraud the plaintiff does not suffice.  Id.  As with the rest of the Amended Complaint in Intervention, the Government merely offers conclusory statements as to the Defendants' actions that the Government claims comprise a conspiracy to defraud the Medicare program.  Here the Government states that at some point Drs. Kibirige and Agomo established policies and procedures for the Defendants' health care services.  Amend. Compl. ¶48.  We must assume that such policies and procedures existed and that they contained the scheme of conspiracy because the Government provides no detail about them or that what is contained in them amounted to a conspiracy to defraud Medicare.  The Government offers no other facts to explain how these two doctors conspired to create the reimbursement scheme that defrauded Medicare.  The Government does not provide details such as dates of the policies and procedures, the specifics of the plan, policies, or procedures, or how the doctors implemented their conspiracy scheme.  Amend. Compl. ¶48.  Furthermore, the Government claims that Agomo and Kibirige took steps to conceal the fraudulent activity.  Amend. Compl. ¶49.  However, then the Government states that Agomo "convinced" the "Defendants" staff to use the CPT code 92120.  Amend. Compl. ¶49.  It is difficult to understand how directing the staff to use the CPT code in question is concealment of the fraudulent scheme.  The Government offers no other facts or details to substantiate its conclusory statement.  The recitation of these facts does not add up to "stating a claim of relief that is plausible on its face," as required by Rules 8 and 12(b)(6).  Twombly, 550 U.S. 544, 570 (2007).  In order to meet that plausibility standard the pleadings must include "more than a sheer possibility that a defendant acted unlawfully." Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 555).  The Government' pleadings regarding the Defendants engaging in conspiracy under the FCA fail to meet these standards, as

explained above.   As such, the Government's Amended Complaint in Intervention must be dismissed.

### *Overpayment Allegation*

The Government's claims that the Defendants failed to refund the overpayment the Defendants received fails because the Government did not succeed in properly pleading the fraud under the FCA that resulted in any alleged overpayments.   Furthermore, the Government's statements relating to these overpayments suffers from the same generality and legal conclusions as the rest of the Amended Complaint in Intervention as previously discussed throughout this Motion to Dismiss.   These conclusory statements and legal conclusions found in Amend. Compl. ¶¶64 and 68 do not and cannot meet the pleading requirements of Federal Rule of Civil Procedure 8 and 12(b)(6) and thus must be dismissed.

## III.       THE GOVERNMENT'S COMMON LAW CLAIMS MUST BE DISMISSED.

The Government's Common Law Claims found at Counts 5 – 7 (Amend. Compl. ¶¶92-101) fail because the claims do not plead any facts to state a claim to relief that is plausible on its face." <u>Twombly,</u> at 570.  The Government's pleadings do not include any allegations relating to these common law causes of action.   The only time these three claims – Unjust Enrichment – Payment by Mistake – and Common Law Fraud are ever mentioned is in the Cause of Action section of the complaint.  The Government offers no explanation as to what these claims entail. The Government merely incorporates all the paragraphs of the Complaint without any further explanation.   The Government asserts legal conclusions as to why the "Plaintiff" is entitled to such relief.  The broadly asserted claims do not allow the Defendant to identify what actions for

which is it liable.  Therefore, these claims fail to satisfy the requirements of Rules 8 and 12 (b)(6).

## CONCLUSION

The Relator filed this case under seal in 2012.  The Government has had the time to investigate unfettered by the Defendants' knowledge of the case and without limitations to information needed to substantiate these claims.  The Government has requested and received information from the Defendants during this time-period, in order to formulate the FCA claims. Yet after all this time, the Government is only able to produce an Amended Complaint in Intervention that contains vague allegations, conclusory statements, and legal conclusion.  The entirety of the complaint fails to meet the Federal Rules of Civil Procedure 8, 9(b) and 12 (b)(6). Taking into consideration the time the Government already has had to investigate these allegations of fraud, and the fact that its Amended Complaint in Intervention lacks the specificity and plausibility of claims as required under the FCA, the Government's Amended Complaint in Intervention should be dismissed in its entirety with prejudice to the Government and the Relator.

## PRAYER

For the reasons stated above, the Defendants respectfully request that the Court dismiss the Government's Amended Complaint in Intervention in its entirety, with prejudice as to the Government and Relator.  A proposed Order is attached.


Dated: July 13, 2015                              Respectfully submitted,

                                                  Outreach Diagnostic Clinic,LLP, Mustapha
                                                  Kibirige, MD, PA, d/b/a Outreach EyeCare,
                                                  Emelike  Agomo,  MD,  and  Mustapha
                                                  Kibirige, MD.

By their Attorneys,

/s/ Lara L. Silva

_____

LARA L. SILVA, MANAGING PARTNER
The Silva Law Firm
State Bar No. 24004777
Lara.silva@thesilvalawfirm.com
NOELLE C. LETTERI, PARTNER
State Bar No. 24013033
Noelle.letteri@thesilvalawfirm.com
702 Rio Grande, Austin, Texas 78701
512-476-5588 office
512-276-6712 fax

ATTORNEYS OF COUNSEL

MATTHEW L. RIENSTRA
TX STATE BAR NO. 16908020
I.D. 9728 – SOUTHERN DISTRICT OF TEXAS

GEORGE C. LOBB
TX STATE BAR NO. 24042928
I.D. 1439085 SOUTHERN DISTRICT OF TEXAS
INFO@LOBBLAW.COM
512-425-0877

<u>**CERTIFICATE OF SERVICE**</u>

On the 13th day of July, a copy of Defendants' Motion to Dismiss the United States' Amended Complaint In Intervention was filed electronically using the Court's Electronic Case Filing System.  Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system.  Parties may access this filing through the Court's Electronic Case Filing System.

This the 13th of July, 2015

/s/ Lara L. Silva

_____

LARA L. SILVA
The Silva Law Firm