UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| United States of America, *ex rel.*, Michael Sorensen, <br><br>      Plaintiff, <br><br>*versus* <br><br>Outreach Diagnostic Clinic, LLP, *et al.*, <br><br>      Defendants. | Civil Action H-12-480 |

## Opinion on Damages

1. *Introduction.*

    Michael Sorenson brought a qui tam action against Outreach Diagnostic Clinic for fraudulently billing medicare for payment in violation of the False Claims Act. The government intervened and prevailed. On March 16, 2020, this court found defendants knowingly submitted 14,450 false claims to Medicare by billing tonometry as tonography for payment.

    Defendants are:

    (a) Outreach Diagnostic Clinic, LLP

    (b) Emelike Agomo

    (c) M.D., Mustapha Kibirige, M.D., and Mustapha Kibirige as Outreach Eyecase.

    Each is jointly and severally liable for their acts in furtherance of the conspiracy. The government seeks to recover $2,422,350 in treble damages plus $158,950,000 in civil penalties.

2. *Background.*

    On October 21, 2020, Dr. Agamo moved for judgment as a matter of law under rule 50(a). This court held a hearing on damages in November. On April 21, 2021, the government moved for entry of a judgment. Again, on October 22 2021, the government asked this court to enter final judgment.

3.  *Dr. Agamo's Motion.*

Agamo's motion was not the opportunity to re-litigate the issues on summary judgment when there had been no jury. The court will construe his motion under rule 60(b)(1) and (2) because it was filed more than 28 days after judgment. Under Rule 60(b), a party may be relieved from a final judgment for different reasons. Agamo has not offered evidence for relief under rule 60.

4.  *Damages.*

Agamo's knowledge of the conspiracy was decided by a summary judgment, and therefore, it may not be contested at this point. He had the opportunity to present his claims. On the government's motion, the court found defendants, including Agamo, were liable as a matter of law on the claims involved.

Agamo says his liability for damages is zero because he did not submit the claims and his name is not the named provider on the claims. Although the claims were submitted under the medicare numbers of doctors Sorenson and Kibirige, Agamo encouraged the fraudulent billing practice. He admits to having circled the fraudulent billing code. When Kibirige sent a bill to medicare, it was based on Agamo's work. He also endorsed and explained this practice among his colleagues so other doctors could steal correctly.

The conspiracy spanned from 2006 to 2012. Agamo believes he should not be liable for damages caused before his employment at Outreach. Since he joined in early 2010, 9,568 claims were intentionally submitted with the fraudulent billing code. Whether Agamo individually billed for tonography is irrelevant. The frequency with which Agamo knowingly aided the instruction of the cabal makes him part of the scheme.

He says he cannot conspire with his employer. As a matter of law, you cannot conspire with your own employer. Caselaw has excused this doctrine under the false claims act.[1] Ample evidence shows that Agamo promoted the interests of Kibirige and rejected attempts by Sorenson to correct the code.

He also did need to pocket the money or profit to be held jointly and

---

[1] U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 194 (5th Circuit 2009)

severally liable.[2] Enablers of false claims are equally liable under the false claims act. The damage the government sustained from the conspiracy makes each defendant liable for *all* the damages and penalties if they knowingly caused a person to submit a false claim.

5. *Government's Injury.*

Under the False Claims Act, any person who violates the Act is "liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Adjustment Act of 1990 . . . , plus 3 times the amount of damages that the Government sustained because of the act of that person." 31 U.S.C. § 3729(a)(1).

The defendants are jointly and severally liable for submitting 14,450 false claims. They received $807,450 from medicare by deliberate deception. The government recovers three times this amount totaling $2,422,350.

For each wrongful claim, the court has discretion to determine the appropriate amount of civil penalties between the range of $5,500 to $11,000. As adjusted for inflation in 2021, the new minimum penalty is $11,803 to $23,607. There is no doubt the defendants participated in an expansive conspiracy to defraud the government. The civil penalties disproportionally reflect the government's injury.

The court will not order the maximum penalty. The penalty for each claim will be $11,803. The total statutory penalty is $170,553,350.

The government will recover $2,422,350, plus $170,553,350 in civil penalties.

Signed on November 15, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] United States ex re. Drummond v. BestCare Lab. Servs., LLC, 950 F.3d 277, 285 (5th Circuit 2020)